SHAWN A. MANGANO, ESQ.
Nevada Bar No. 6730
shawn@manganolaw.com
SHAWN A. MANGANO, LTD.
9960 West Cheyenne Avenue, Suite 170
Las Vegas, Nevada  89129-7701
Tel: (702) 304-0432
Fax: (702) 922-3851

*Attorney for Plaintiff Righthaven LLC*

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| RIGHTHAVEN LLC, a Nevada limited-liability company,<br><br>Plaintiff,<br><br>v.<br><br>TONY CARL LOOSLE, an individual; and TCS, INC., a Utah corporation<br><br>Defendants. | Case No.:<br><br>**COMPLAINT AND DEMAND FOR JURY TRIAL** |

Righthaven LLC ("Righthaven") complains as follows against Tony Carl Loosle ("Mr. Loosle") and TCS, Inc. ("TCS"; collectively with Mr. Loosle known herein as the "Defendants") on information and belief, and at all times relevant to this lawsuit, unless otherwise specifically indicated herein to the contrary:

## **NATURE OF ACTION**

1. This is an action for copyright infringement pursuant to 17 U.S.C. § 501.

1

**PARTIES**

2. Righthaven is a Nevada limited-liability company with its principal place of business in Nevada.

3. Righthaven is in good standing with the Nevada Secretary of State.

4. TCS is a Utah corporation.

5. Mr. Loosle is identified by the Utah Secretary of State business entity database, as the president of TCS.

6. TCS is identified by the current registrar, Directi Internet Solutions Pvt. Ltd. ("Directi"), as a registrant of the Internet domain found at <lasvegasinfonewspaper.com> (the "Domain").

7. TCS is identified by Directi as an administrative contact, technical contact and billing contact of the Domain (the content accessible through the Domain and the Domain itself known herein as the "Website").

8. Mr. Loosle is identified by Directi as a registrant of the Domain.

9. Mr. Loosle is identified by Directi as an administrative contact, technical contact and billing contact of the Domain.

**JURISDICTION**

10. This Court has original subject matter jurisdiction over this copyright infringement action pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1338(a).

11. Righthaven is the owner of the copyright in the literary work entitled, "Engineer called hero, credited with saving Arizona homes" (the "Hero Work"), attached hereto as Exhibit 1.

12. The Hero Work was originally published on December 24, 2010.

13. On or about December 24, 2010, the Defendants displayed, and continue to display, an unauthorized reproduction of the Hero Work (the "Hero Infringement"), attached hereto as Exhibit 2, on the Website.

14. Righthaven is the owner of the copyright in the literary work entitled, "Report reveals traces of chemical in area water supply" (the "Water Work"), attached hereto as Exhibit 3.

15. The Water Work was originally published on December 24, 2010.

16. On or about December 24, 2010, the Defendants displayed, and continue to display, an unauthorized reproduction of the Water Work (the "Water Infringement"), attached hereto as Exhibit 4, on the Website.

17. Righthaven is the owner of the copyright in the literary work entitled, "Chamber president Matt Crosson dies" (the "Chamber Work"), attached hereto as Exhibit 5.

18. The Chamber Work was originally published on December 24, 2010.

19. On or about December 24, 2010, the Defendants displayed, and continue to display, an unauthorized reproduction of the Chamber Work (the "Chamber Infringement"), attached hereto as Exhibit 6, on the Website.

20. Righthaven is the owner of the copyright in the literary work entitled, "Shelter's smiles are few" (the "Shelter Work"), attached hereto as Exhibit 7.

21. The Shelter Work was originally published on December 25, 2010.

22. On or about December 25, 2010, the Defendants displayed, and continue to display, an unauthorized reproduction of the Shelter Work (the "Shelter Infringement"), attached hereto as Exhibit 8, on the Website.

23. Righthaven is the owner of the copyright in the literary work entitled, "Rainy Christmas bird count keeps bluebirds in hiding but brings out ducks" (the "Bird Work"), attached hereto as Exhibit 9.

24. The Bird Work was originally published on December 25, 2010.

25. On or about December 25, 2010, the Defendants displayed, and continue to display, an unauthorized reproduction of the Bird Work (the "Bird Infringement"), attached hereto as Exhibit 10, on the Website.

26. Righthaven is the owner of the copyright in the literary work entitled, "Hospital singer strikes chord with patients feeling down" (the "Hospital Work"; collectively with the Hero

Work, the Water Work, the Chamber Work, the Shelter Work, and the Bird Work known herein as the "Works"), attached hereto as Exhibit 11.

27. The Hospital Work was originally published on December 25, 2010.

28. On or about December 25, 2010, the Defendants displayed, and continue to display, an unauthorized reproduction of the Hospital Work (the "Hospital Infringement"; collectively with the Hero Infringement, the Water Infringement, the Chamber Infringement, the Shelter Infringement and the Bird Infringement known herein as the "Infringements"), attached hereto as Exhibit 12, on the Website.

29. The Works have depicted and depict the original source publication as the Las Vegas *Review-Journal*.

30. The Defendants willfully copied, on an unauthorized basis, the Works from a source emanating from Nevada.

31. The Infringements have depicted and depict the original source publication as the Las Vegas *Review-Journal*.

32. The Defendants knew that the Works were originally published in the Las Vegas *Review-Journal*.

33. The Defendants knew that the Infringements were and are of specific interest to Nevada residents.

34. The Infringements, as publically displayed on the Website, were and are accessible in Nevada.

35. The Infringements occurred and continue to occur in Nevada.

36. The Defendants' display of the Infringements was and is purposefully directed at Nevada residents.

## **VENUE**

37. The United States District Court for the District of Nevada is an appropriate venue, pursuant to 28 U.S.C. § 1391(b)(2), because a substantial part of the events giving rise to the claim for relief are situated in Nevada.

38. The United States District Court for the District of Nevada is an appropriate venue, pursuant to 28 U.S.C. § 1400 (a), because the Defendants are subject to personal jurisdiction in Nevada.

## **FACTS**

39. The Works constitute copyrightable subject matter, pursuant to 17 U.S.C. § 102(a)(1).

40. Righthaven is the owner of the copyrights in and to the Works.

41. The Hero Work was originally published on December 24, 2010.

42. On or about March 24, 2011, the United States Copyright Office (the "USCO") received Righthaven's official submittal for the registration of the Hero Work, including the application, the deposit copy, and the registration fee (the "Complete Application"), Service Request No. 1-586769742, and attached hereto as Exhibit 13 is the official USCO application submittal for the Hero Work depicting the occurrence of the Complete Application.

43. On or about December 24, 2010, the Defendants displayed, and continue to display, the Hero Infringement on the Website.

44. The Water Work was originally published on December 24, 2010.

45. On or about March 24, 2011, the USCO received Righthaven's Complete Application for the registration of the Water Work, Service Request No. 1-586769768, and attached hereto as Exhibit 14 is the official USCO application submittal for the Water Work depicting the occurrence of the Complete Application.

46. On or about December 24, 2010, the Defendants displayed, and continue to display, the Water Infringement on the Website.

47. The Chamber Work was originally published on December 24, 2010.

48. On or about March 24, 2011, the USCO received Righthaven's Complete Application for the registration of the Chamber Work, Service Request No. 1-586769823, and attached hereto as Exhibit 15 is the official USCO application submittal for the Chamber Work depicting the occurrence of the Complete Application.

49. On or about December 24, 2010, the Defendants displayed, and continue to display, the Chamber Infringement on the Website.

50. The Shelter Work was originally published on December 25, 2010.

51. On or about March 24, 2011, the USCO received Righthaven's Complete Application for the registration of the Shelter Work, Service Request No. 1-586769848, and attached hereto as Exhibit 16 is the official USCO application submittal for the Shelter Work depicting the occurrence of the Complete Application.

52. On or about December 25, 2010, the Defendants displayed, and continue to display, the Shelter Infringement on the Website.

53. The Bird Work was originally published on December 25, 2010.

54. On or about March 24, 2011, the USCO received Righthaven's Complete Application for the registration of the Bird Work, Service Request No. 1-586769883, and attached hereto as Exhibit 17 is the official USCO application submittal for the Bird Work depicting the occurrence of the Complete Application.

55. On or about December 25, 2010, the Defendants displayed, and continue to display, the Bird Infringement on the Website.

56. The Hospital Work was originally published on December 25, 2010.

57. On or about March 24, 2011, the USCO received Righthaven's Complete Application for the registration of the Hospital Work, Service Request No. 1-586769908, and attached hereto as Exhibit 18 is the official USCO application submittal for the Hospital Work depicting the occurrence of the Complete Application.

58. On or about December 25, 2010, the Defendants displayed, and continue to display, the Hospital Infringement on the Website.

59. The defendants did not seek permission, in any manner, to reproduce, display or otherwise exploit the Works.

60. The Defendants were not granted permission, in any manner, to reproduce, display, or otherwise exploit the Works.

61. The nature and extent of the Defendants' serial, unadulterated copyright infringement is further demonstrated by the Defendants' apparently unauthorized exploitation of numerous literary works published by the Las Vegas Sun.

62. On or about April 9, 2011, the *Las Vegas Sun* published an article entitled, "Copyright lawsuit filed over sports-betting content" (the "Copyright Article"), attached hereto as Exhibit 19.

63. On or about April 9, 2011, the Defendants displayed, and continue to display, a reproduction of the Copyright Article, attached hereto as Exhibit 20, on the Website.

64. On or about April 10, 2011, the *Las Vegas Sun* published an article entitled, "Budget cuts would be 'crushing' for Las Vegas elementary school" (the "Budget Article"), attached hereto as Exhibit 21.

65. On or about April 10, 2011, the Defendants displayed, and continue to display, a reproduction of the Budget Article, attached hereto as Exhibit 22, on the Website.

66. On or about April 10, 2011, the *Las Vegas Sun* published an article entitled, "Strikeforce Notebook: Nick Diaz explains showmanship toward Paul Daley" (the "Strikeforce Article"), attached hereto as Exhibit 23.

67. On or about April 10, 2011, the Defendants displayed, and continue to display, a reproduction of the Strikeforce Article, attached hereto as Exhibit 24, on the Website.

68. On or about April 10, 2011, the *Las Vegas Sun* published an article entitled, "Teachers in state budget bull's-eye" (the "Bulls-eye Article"), attached hereto as Exhibit 25.

69. On or about April 10, 2011, the Defendants displayed, and continue to display, a reproduction of the Bulls-eye Article, attached hereto as Exhibit 26, on the Website.

70. On or about April 10, 2011, the *Las Vegas Sun* published an article entitled "Former Rebels player Dave Rice lands his dream job" (the "Dream Job Article"), attached hereto as Exhibit 27.

71. On or about April 10, 2011, the Defendants displayed, and continue to display, a reproduction of the Dream Job Article, attached hereto as Exhibit 28, on the Website.

## FIRST CLAIM FOR RELIEF: COPYRIGHT
## INFRINGEMENT OF THE HERO WORK

72. Righthaven repeats and realleges the allegations set forth in Paragraphs 1 through 71 above.

73. Righthaven holds the exclusive right to reproduce the Hero Work, pursuant to 17 U.S.C. § 106(1).

74. Righthaven holds the exclusive right to prepare derivative works based upon the Hero Work, pursuant to 17 U.S.C. § 106(2).

75. Righthaven holds the exclusive right to distribute copies of the Hero Work, pursuant to 17 U.S.C. § 106(3).

76. Righthaven holds the exclusive right to publicly display the Hero Work, pursuant to 17 U.S.C. § 106(5).

77. The Defendants reproduced the Hero Work in derogation of Righthaven's exclusive rights under 17 U.S.C. § 106(1).

78. The Defendants created an unauthorized derivative of the Hero Work in derogation of Righthaven's exclusive rights under 17 U.S.C. § 106(2).

79. The Defendants distributed, and continue to distribute, an unauthorized reproduction of the Hero Work on the Website, in derogation of Righthaven's exclusive rights under 17 U.S.C. § 106(3).

80. The Defendants publicly displayed, and continue to display, an unauthorized reproduction of the Hero Work on the Website, in derogation of Righthaven's exclusive rights under 17 U.S.C. § 106(5).

81. Mr. Loosle has willfully engaged in the copyright infringement of the Hero Work.

82. TCS has willfully engaged in the copyright infringement of the Hero Work.

83. Defendants' acts as alleged herein, and the ongoing direct results of those acts, have caused and will continue to cause irreparable harm to Righthaven in an amount Righthaven cannot ascertain, leaving Righthaven with no adequate remedy at law.

84. Unless the Defendants are preliminarily and permanently enjoined from further infringement of the Hero Work, Righthaven will be irreparably harmed, and Righthaven is thus entitled to preliminary and permanent injunctive relief against further infringement by the Defendants of the Hero Work, pursuant to 17 U.S.C. § 502.

## SECOND CLAIM FOR RELIEF: COPYRIGHT INFRINGEMENT OF THE WATER WORK

85. Righthaven repeats and realleges the allegations set forth in Paragraphs 1 through 84 above.

86. Righthaven holds the exclusive right to reproduce the Water Work, pursuant to 17 U.S.C. § 106(1).

87. Righthaven holds the exclusive right to prepare derivative works based upon the Water Work, pursuant to 17 U.S.C. § 106(2).

88. Righthaven holds the exclusive right to distribute copies of the Water Work, pursuant to 17 U.S.C. § 106(3).

89. Righthaven holds the exclusive right to publicly display the Water Work, pursuant to 17 U.S.C. § 106(5).

90. The Defendants reproduced the Water Work in derogation of Righthaven's exclusive rights under 17 U.S.C. § 106(1).

91. The Defendants created an unauthorized derivative of the Water Work in derogation of Righthaven's exclusive rights under 17 U.S.C. § 106(2).

92. The Defendants distributed, and continue to distribute, an unauthorized reproduction of the Water Work on the Website, in derogation of Righthaven's exclusive rights under 17 U.S.C. § 106(3).

93. The Defendants publicly displayed, and continue to display, an unauthorized reproduction of the Water Work on the Website, in derogation of Righthaven's exclusive rights under 17 U.S.C. § 106(5).

94. Mr. Loosle has willfully engaged in the copyright infringement of the Water Work.

95. TCS has willfully engaged in the copyright infringement of the Water Work.

96. Defendants' acts as alleged herein, and the ongoing direct results of those acts, have caused and will continue to cause irreparable harm to Righthaven in an amount Righthaven cannot ascertain, leaving Righthaven with no adequate remedy at law.

97. Unless the Defendants are preliminarily and permanently enjoined from further infringement of the Water Work, Righthaven will be irreparably harmed, and Righthaven is thus entitled to preliminary and permanent injunctive relief against further infringement by the Defendants of the Water Work, pursuant to 17 U.S.C. § 502.

## THIRD CLAIM FOR RELIEF: COPYRIGHT INFRINGEMENT OF THE CHAMBER WORK

98. Righthaven repeats and realleges the allegations set forth in Paragraphs 1 through 97 above.

99. Righthaven holds the exclusive right to reproduce the Chamber Work, pursuant to 17 U.S.C. § 106(1).

100. Righthaven holds the exclusive right to prepare derivative works based upon the Chamber Work, pursuant to 17 U.S.C. § 106(2).

101. Righthaven holds the exclusive right to distribute copies of the Chamber Work, pursuant to 17 U.S.C. § 106(3).

102. Righthaven holds the exclusive right to publicly display the Chamber Work, pursuant to 17 U.S.C. § 106(5).

103. The Defendants reproduced the Chamber Work in derogation of Righthaven's exclusive rights under 17 U.S.C. § 106(1).

104. The Defendants created an unauthorized derivative of the Chamber Work in derogation of Righthaven's exclusive rights under 17 U.S.C. § 106(2).

105. The Defendants distributed, and continue to distribute, an unauthorized reproduction of the Chamber Work on the Website, in derogation of Righthaven's exclusive rights under 17 U.S.C. § 106(3).

106. The Defendants publicly displayed, and continue to display, an unauthorized reproduction of the Chamber Work on the Website, in derogation of Righthaven's exclusive rights under 17 U.S.C. § 106(5).

107. Mr. Loosle has willfully engaged in the copyright infringement of the Chamber Work.

108. TCS has willfully engaged in the copyright infringement of the Chamber Work.

109. Defendants' acts as alleged herein, and the ongoing direct results of those acts, have caused and will continue to cause irreparable harm to Righthaven in an amount Righthaven cannot ascertain, leaving Righthaven with no adequate remedy at law.

110. Unless the Defendants are preliminarily and permanently enjoined from further infringement of the Chamber Work, Righthaven will be irreparably harmed, and Righthaven is thus entitled to preliminary and permanent injunctive relief against further infringement by the Defendants of the Chamber Work, pursuant to 17 U.S.C. § 502.

## **FOURTH CLAIM FOR RELIEF: COPYRIGHT INFRINGEMENT OF THE SHELTER WORK**

111. Righthaven repeats and realleges the allegations set forth in Paragraphs 1 through 110 above.

112. Righthaven holds the exclusive right to reproduce the Shelter Work, pursuant to 17 U.S.C. § 106(1).

113. Righthaven holds the exclusive right to prepare derivative works based upon the Shelter Work, pursuant to 17 U.S.C. § 106(2).

114. Righthaven holds the exclusive right to distribute copies of the Shelter Work, pursuant to 17 U.S.C. § 106(3).

115. Righthaven holds the exclusive right to publicly display the Shelter Work, pursuant to 17 U.S.C. § 106(5).

116. The Defendants reproduced the Shelter Work in derogation of Righthaven's exclusive rights under 17 U.S.C. § 106(1).

117. The Defendants created an unauthorized derivative of the Shelter Work in derogation of Righthaven's exclusive rights under 17 U.S.C. § 106(2).

118. The Defendants distributed, and continue to distribute, an unauthorized reproduction of the Shelter Work on the Website, in derogation of Righthaven's exclusive rights under 17 U.S.C. § 106(3).

119. The Defendants publicly displayed, and continue to display, an unauthorized reproduction of the Shelter Work on the Website, in derogation of Righthaven's exclusive rights under 17 U.S.C. § 106(5).

120. Mr. Loosle has willfully engaged in the copyright infringement of the Shelter Work.

121. TCS has willfully engaged in the copyright infringement of the Shelter Work.

122. Defendants' acts as alleged herein, and the ongoing direct results of those acts, have caused and will continue to cause irreparable harm to Righthaven in an amount Righthaven cannot ascertain, leaving Righthaven with no adequate remedy at law.

123. Unless the Defendants are preliminarily and permanently enjoined from further infringement of the Shelter Work, Righthaven will be irreparably harmed, and Righthaven is thus entitled to preliminary and permanent injunctive relief against further infringement by the Defendants of the Shelter Work, pursuant to 17 U.S.C. § 502.

## **FIFTH CLAIM FOR RELIEF: COPYRIGHT I NFRINGEMENT OF THE BIRD WORK**

124. Righthaven repeats and realleges the allegations set forth in Paragraphs 1 through 123 above.

125. Righthaven holds the exclusive right to reproduce the Bird Work, pursuant to 17 U.S.C. § 106(1).

126. Righthaven holds the exclusive right to prepare derivative works based upon the Bird Work, pursuant to 17 U.S.C. § 106(2).

127. Righthaven holds the exclusive right to distribute copies of the Bird Work, pursuant to 17 U.S.C. § 106(3).

128. Righthaven holds the exclusive right to publicly display the Bird Work, pursuant to 17 U.S.C. § 106(5).

129. The Defendants reproduced the Bird Work in derogation of Righthaven's exclusive rights under 17 U.S.C. § 106(1).

130. The Defendants created an unauthorized derivative of the Bird Work in derogation of Righthaven's exclusive rights under 17 U.S.C. § 106(2).

131. The Defendants distributed, and continue to distribute, an unauthorized reproduction of the Bird Work on the Website, in derogation of Righthaven's exclusive rights under 17 U.S.C. § 106(3).

132. The Defendants publicly displayed, and continue to display, an unauthorized reproduction of the Bird Work on the Website, in derogation of Righthaven's exclusive rights under 17 U.S.C. § 106(5).

133. Mr. Loosle has willfully engaged in the copyright infringement of the Bird Work.

134. TCS has willfully engaged in the copyright infringement of the Bird Work.

135. Defendants' acts as alleged herein, and the ongoing direct results of those acts, have caused and will continue to cause irreparable harm to Righthaven in an amount Righthaven cannot ascertain, leaving Righthaven with no adequate remedy at law.

136. Unless the Defendants are preliminarily and permanently enjoined from further infringement of the Bird Work, Righthaven will be irreparably harmed, and Righthaven is thus entitled to preliminary and permanent injunctive relief against further infringement by the Defendants of the Bird Work, pursuant to 17 U.S.C. § 502.

## SIXTH CLAIM FOR RELIEF: COPYRIGHT
## INFRINGEMENT OF THE HOSPITAL WORK

137.  Righthaven repeats and realleges the allegations set forth in Paragraphs 1 through 136 above.

138.  Righthaven holds the exclusive right to reproduce the Hospital Work, pursuant to 17 U.S.C. § 106(1).

139.  Righthaven holds the exclusive right to prepare derivative works based upon the Hospital Work, pursuant to 17 U.S.C. § 106(2).

140.  Righthaven holds the exclusive right to distribute copies of the Hospital Work, pursuant to 17 U.S.C. § 106(3).

141.  Righthaven holds the exclusive right to publicly display the Hospital Work, pursuant to 17 U.S.C. § 106(5).

142.  The Defendants reproduced the Hospital Work in derogation of Righthaven's exclusive rights under 17 U.S.C. § 106(1).

143.  The Defendants created an unauthorized derivative of the Hospital Work in derogation of Righthaven's exclusive rights under 17 U.S.C. § 106(2).

144.  The Defendants distributed, and continue to distribute, an unauthorized reproduction of the Hospital Work on the Website, in derogation of Righthaven's exclusive rights under 17 U.S.C. § 106(3).

145.  The Defendants publicly displayed, and continue to display, an unauthorized reproduction of the Hospital Work on the Website, in derogation of Righthaven's exclusive rights under 17 U.S.C. § 106(5).

146.  Mr. Loosle has willfully engaged in the copyright infringement of the Hospital Work.

147.  TCS has willfully engaged in the copyright infringement of the Hospital Work.

148.  Defendants' acts as alleged herein, and the ongoing direct results of those acts, have caused and will continue to cause irreparable harm to Righthaven in an amount Righthaven cannot ascertain, leaving Righthaven with no adequate remedy at law.

149. Unless the Defendants are preliminarily and permanently enjoined from further infringement of the Hospital Work, Righthaven will be irreparably harmed, and Righthaven is thus entitled to preliminary and permanent injunctive relief against further infringement by the Defendants of the Hospital Work, pursuant to 17 U.S.C. § 502.

## **PRAYER FOR RELIEF**

Righthaven requests that this Court grant Righthaven's claim for relief herein as follows:

1. Preliminarily and permanently enjoin and restrain the Defendants, and the Defendants' officers, agents, servants, employees, attorneys, parents, subsidiaries, related companies, partners, and all persons acting for, by, with, through, or under the Defendants, from directly or indirectly infringing the Works by reproducing the Works, preparing derivative works based on the Works, distributing the Works to the public, and/or displaying the Works, or ordering, directing, participating in, or assisting in any such activity;

2. Direct the Defendants to preserve, retain, and deliver to Righthaven in hard copies or electronic copies:

    a. All evidence and documentation relating in any way to the Defendants' use of the Works, in any form, including, without limitation, all such evidence and documentation relating to the Website;

    b. All evidence and documentation relating to the names and addresses (whether electronic mail addresses or otherwise) of any person with whom the Defendants have communicated regarding the Defendants' use of the Works; and

    c. All financial evidence and documentation relating to the Defendants' use of the Works;

3. Order the surrender to Righthaven of all hardware, software, electronic media and domains, including the Domain used to store, disseminate and display the unauthorized versions of any and all copyrighted works as provided for under 17 U.S.C. § 505(b) and/or as authorized by Federal Rule of Civil Procedure 64;

4.    Award Righthaven statutory damages for the willful infringement of the Works, pursuant to 17 U.S.C. § 504(c);

5.    Award Righthaven costs, disbursements, and attorneys' fees incurred by Righthaven in bringing this action, pursuant to 17 U.S.C. § 505;

6.    Award Righthaven pre- and post-judgment interest in accordance with applicable law; and

7.    Grant Righthaven such other relief as this Court deems appropriate.

## DEMAND FOR JURY TRIAL

Righthaven requests a trial by jury pursuant to Rule 38 of the Federal Rules of Civil Procedure.

Dated this 21st day of April, 2011.

RIGHTHAVEN LLC

By: /s/ Shawn A. Mangano

SHAWN A. MANGANO, ESQ.
Nevada Bar No. 6730
shawn@manganolaw.com
SHAWN A. MANGANO, LTD.
9960 West Cheyenne Avenue, Suite 170
Las Vegas, Nevada  89129-7701
Tel: (702) 304-0432
Fax: (702) 922-3851

*Attorney for Plaintiff Righthaven LLC*