Tony Loosle
1772 N 600 W
Logan, UT 84321
*Pro se*
Tele: 435-753-5455
tcl@sli.us

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| RIGHTHAVEN LLC, a Nevada limited liability company, <br><br> Plaintiff, <br> v. <br><br> TONY CARL LOOSLE, an individual; and TCS, INC., a Utah corporation <br><br> Defendants. | Case No: 2:11-cv-00627-KJD-LRL <br><br> **Motion to Stay All Proceedings Pending Ruling on Order to Show Cause re: Righthaven's Standing to Bring Action and in the Alternative Motion to Dismiss** |

Tony Carl Loosle ("Mr. Loosle"), acting *pro se,* respectfully moves this Court pursuant to the Court's inherent powers to control its calender, for an Order staying all proceedings (a global stay as to all Defendants) in this action pending a decision on the pending Order to Show Cause issued by District Judge James C. Mahan on April 27, 2011 in Civil Case 2:10-CV-1575 JCM, <u>Righthaven LLC vs Pahrump Life et al</u>.

In the Alternative Mr. Loosle, moves the Court pursuant to Rules 12(b)(6), 12(c) and/or 56, Federal Rules of Civil Procedure, for an order dismissing this action on the basis that the Plaintiff lacks standing to bring this action.

In the event Plaintiff does not oppose the motion to stay the proceedings and the Court allows such a stay, then Defendant does not wish to pursue, at this time the motion to dismiss, which is made in the alternative. However if Defendant opposes the motion to stay the proceedings or the Court will not approve such a stay, the Defendant desires to proceed

with the alternative motion to dismiss. If the Court grants the motion to dismiss, Defendant would also ask the Court to consider an award of attorney fees for which Defendant incurred in order to bring this motion *pro se*.

Mr. Loosle's motions are supported by the accompanying Memorandum of Points and Authorities set forth below, the pleadings on record with this Court and in particular the Strategic Alliance Agreement (Document No. 79-1) on file in Civil Case 2:10-CV-01356-RLH-GWF, *Righthaven LLC vs Democratic Underground LLC*, pending before Judge Hunt.

## Memorandum of Points and Authorities

**I. A. Argument Re: Stay:** All Courts are vested with inherent power to control their calendars, particularly if it would preserve judicial resources or prevent a duplication of judicial effort. It would seem wholly unnecessary for the Defendant to provide legal authority for such a self evident legal principle. The basis for the motion to stay the proceedings is that substantial judicial resources could be preserved by staying this action pending a ruling as to Righthaven's standing to maintain copyright violation actions ion light of the limited rights Righthaven has under the Strategic Alliance Agreement, which was recently unsealed by Judge Hunt in Case No.2:10-cv-01356-RLH -GWF.

On April 27, 2011, District Judge James C. Mahan issued an Order to Show Cause in Civil Case 2:10-CV-1575 JCM, *Righthaven LLC vs Pahrump Life et al*, for Righthaven to appear and "show cause, in writing, within ten (10) days why the court should not dismiss the instant case for lack of standing." Judge Mahan then set the matter for a hearing on May 12, 2011.

In the Judge Mahan's Order (Doc 21, Case 2:10-CV-1575 JCM) requiring Righthaven to appear and show cause, the Judge Mahan observed:

2

   Righthaven's ownership of its assigned copyrights has been generally contested in a case before Judge Hunt, *Righthaven LLC v. Democratic Underground, LLC et al.* In *Democratic Underground*, the newly unsealed "Strategic Alliance Agreement" (doc. #79-1 in 2:10-cv-01356-RLH -GWF), governing all purported copyright assignments from Stevens Media to Righthaven, appears to support defendant Scaccia's claim that Righthaven does not have standing to sue for copyright infringement. (*See* doc. #79 in 2:10-cv-01356-RLH -GWF). Specifically, Stevens Media has not assigned to Righthaven one of the 17 U.S.C. § 106 exclusive rights in the copyrights Righthaven purports to own, as would be required for Righthaven to validly allege an infringement claim on those copyrights. *See Silvers v. Sony Pictures Entm't, Inc.*, 402 F.3d 881, 884(9th Cir. 2005) ("legal or beneficial owner of an exclusive right under a copyright is entitled, subject to the requirements of section 411, to institute an action for any infringement of that particular right committed while he or she is the owner of it") (quoting 17 U.S.C. § 501(b)). (Doc 21, page 2, Lines 7-18)

   **B. Argument Re: Motion to Dismiss:** Attached hereto as exhibit A is a copy of Document 79-1 the newly unsealed "Strategic Alliance Agreement" (doc. #79-1 in 2:10-cv-01356-RLH -GWF), governing all purported copyright assignments from Stevens Media to Righthaven . Plaintiff should not have any problem with the genuineness of the document or its relevance to these proceedings. In any respect the Defendant would ask the Court to take judicial notice of the same. (A copy has been attached hereto for the Court's Convienience.)

   In his treatise on copyright, William Patry states "Plaintiff must plead ownership of the right sought to be vindicated." Patry on Copyright, Section 19:7. In short, you cannot sue for violation of a right that is not yours to enforce. *See Silvers v. Sony Pictures Entm't, Inc.*, 402 F.3d 881, 884(9th Cir. 2005) ("legal or beneficial owner of an exclusive right under a copyright is entitled, subject to the requirements of section 411, to institute an action for any infringement of that particular right committed while he or she is the owner of it") (quoting 17 U.S.C. § 501(b)).[1]

---

[1] Defendant acknowledges that Plaintiff has pled ownership of the copyright, but in view of Rule 11, Federal Rules of Civil Procedure, and the clear import of the "Strategic

3

Moreover, to allow Righthaven to do otherwise is to allow it to engage in the common law sin of "champerty," which is the sale to someone with no interest in the alleged wrong being sued on of a right to sue for a percentage of the amount recovered in the suit. *See Dell Webb Communities, Inc., v. Partington*, decision filed September 18, 2009 in Civil Case 2;08-cv-00571-RCJ-GWF, reported in 2009 U.S. Dist. LEXIS 85616; 2009-2 Trade Cas. (CCH) P76854, *citing Schwartz v. Eliades*, 113 Nev. 586, 588, 939 P.2d 1034 (Nev. 11997).

## II. Conclusion

Staying this action pending the ruling as to standing from Judge Mahan is in the interest of the parties and preserves valuable judicial resources. Any ensuing delay will not prejudice either party. In the alternative the Strategic Alliance Agreement is not ambagious – it does not vest Righthaven with any right, other than the right to sue. As such not only doe Plaintiff lack standing to file or maintain this action, it has engaged in conduct which constitutes "champerty," and this conduct under state law is unlawful and against public policy.

Respectfully submitted this 9th day of May, 2011.

Tony Loosle
*Pro se*

---

Alliance Agreement," Document 79-1, which was recently unsealed, Plaintiff may wish to reassess their position and the allegations made with respect to ownership. Defendant anticipates filing a Rule 11 motion prior to filing an answer.

4

## MAILING CERTIFICATE

I hereby certify on the 9th day of May, 2011, I mailed a true and correct copy of the foregoing:

**MOTION TO STAY ALL PROCEEDINGS PENDING RULING ON ORDER TO SHOW CAUSE RE: RIGHTHAVEN'S STANDING TO BRING ACTION AND IN THE ALTERNATIVE MOTION TO DISMISS,**

postage prepaid in Logan, Utah, to the following:

Shawn A. Mangano, Esq.
9960 West Cheyenne Avenue, Suite 170
Las Vegas, Nevada 89129-7701

_____
Tony Loosle
*Pro se*

SALT LAKE CITY UT 841

02 MAY 2011 PM 3 T

Harris, Preston & Chambers
31 Federal Avenue
Logan, UT 84321

United States District Court
District of Nevada
333 S. Las Vegas Blvd.
Las Vegas, NV 89101