UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| RIGHTHAVEN, LLC, | |
| Plaintiff, | Case No. 2:11-CV-00627-KJD-CWH |
| v. | **ORDER** |
| TONY CARL LOOSLE, *et al.*, | |
| Defendants. | |

Before the Court is Defendants Tony Carl Loosle and TCS, Inc.'s Motion to Stay (#8). Plaintiff has filed a response (#9).

Defendants filed this Motion requesting a stay of the proceeding until after resolution of an order to show cause pending before Judge Mahan in Righthaven, LLC, v. Parhump Life, et al., Case No. 2:10-cv-1575 JCM. Plaintiff did not oppose the requested stay, but asked that it be continued until resolution of the motions to dismiss for lack of subject matter jurisdictions in two very similar cases in this Court: Righthaven, LLC v. Vote For The Worst, LLC, et al., Case No. 2:10-cv-01045-KJD-GWF and Righthaven, LLC v. Mostofi, Case No. 2:10-cv-1066-KJD-LRL. In all of these cases, the Court found that it lacked subject matter jurisdiction and dismissed the actions. Since the motions are no longer pending, the Motion for Stay in this matter is moot.

Courts may *sua sponte* dismiss a case for lack of subject matter jurisdiction. <u>Scholastic Entertainment, Inc. v. Fox Entertainment Group, Inc.</u> 336 F.3d 982, 985 (9th Cir. 2003) (*sua sponte* dismissal for lack of subject matter jurisdiction appropriate in copyright case when parties were on notice of issue); <u>See also</u> <u>Cal. Diversified Promotions, Inc. v. Musick</u>, 505 F.2d 278, 280 (9th Cir.1974) ("It has long been held that a judge can dismiss *sua sponte* for lack of jurisdiction.").

The issues in this case are the same as those presented in the <u>VoteForTheWorst, LLC</u> and <u>Mostofi</u> cases, as well as several other cases in this district. In each of those cases, the Court has determined that it lacked subject matter jurisdiction because of defects in the assignment between the original copyright holder and Righthaven. Similarity, the Court determined that an amendment to Righthaven's agreements did not cure the jurisdictional defect. This case presents no new issues and further briefing would not be useful to the Court. Accordingly, the action is dismissed.

**IT IS HEREBY ORDERED THAT** Defendants Tony Carl Loosle and TCS, Inc.'s Motion to Stay (#8) is **DENIED AS MOOT**.

**IT IS FURTHER ORDERED** that this action is **DISMISSED.**

DATED this 6th day of March 2012.

_____
Kent J. Dawson
United States District Judge